Marcos D. Sasso (SBN 228905)
sassom@ballardspahr.com
Tanya Taylor (SBN 312881)
taylortm@ballardspahr.com
BALLARD SPAHR LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067-2909
Telephone: 424.204.4400
Facsimile: 424.204.4350

Attorneys for Defendants
  PHH MORTGAGE SERVICES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER BAGOSY, and ALEX BAGOSY<br><br>Plaintiffs,<br><br>v.<br><br>PHH MORTGAGE SERVICES and DOES 1-50 INCLUSIVE,<br><br>Defendants; | CASE NO. 8:18-CV-1750<br><br>**NOTICE OF REMOVAL**<br><br>Action filed: June 27, 2018 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§1332 and 1441, defendant PHH Mortgage Services ("PHH"), hereby removes the action entitled *Jennifer Bagosy and Alex Bagosy v. PHH Mortgage* Services, Case No. BC 30-2018-01002146-CU-CO-CJC, Superior Court of California, County of Orange (the "Action"), to the United States District Court for the Central District of California, Southern Division, on the following grounds:

1.      <u>Removal Is Timely</u>.  Plaintiffs Jennifer Bagosy and Alex Bagosy ("Plaintiffs") filed the Action on June 27, 2018.  PHH was served on August 27, 2018.  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it has been filed within 30 days of service on PHH, and within one year after "commencement of the action" in state court.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as Exhibit A.

2.      <u>Diversity Of Citizenship</u>.  This Court has jurisdiction of this case under 28 U.S.C. § 1332 because complete diversity exists and the amount in controversy exceeds $75,000.00, as discussed below.

3.      Plaintiffs specifically plead that they are California citizens (Compl., ¶ 1), and the subject property is located in California – 15 Oatfield Farm, Ladera Ranch, California, 92694 (the "Property").  Compl., ¶¶ 2 & 9.  Accordingly, for purposes of diversity jurisdiction, Plaintiff is a citizen of California.  Plaintiff alleges that PHH violated the Homeowners Bill of Rights, in connection with alleged conduct pertaining to non-judicial foreclosure proceedings regarding the Property, including allegedly failing to assign a single point of contact in violation of California Civil Code § 2923.7 and alleged fraudulent activity in connection with the sale of the Property.  <u>See</u> <u>generally</u> <u>Compl.</u>

Accordingly, for purposes of diversity jurisdiction, Plaintiffs are citizens of California.

4.     For diversity purposes, a corporation is a citizen of both its state of incorporation and its principal place of business.  See 28 U.S.C. § 1332(c)(1). PHH is a New Jersey Corporation, with its principal place of business in Mount Laurel, New Jersey.  Accordingly, PHH is a citizen of New Jersey for purposes of diversity jurisdiction.

5.     The Amount In Controversy Is Satisfied.  In actions "arising out of the foreclosure of a plaintiff's home, the amount in controversy may be established by the value of the property or by the value of the loan." Major v. Wells Fargo Bank, N.A., No. 14-cv-998-LAB-RBB, 2014 U.S. Dist. LEXIS 114977, *2 (S.D. Cal. Aug. 18, 2014) (finding amount in controversy satisfied based on amount of loan on property at issue).  Notably, in demonstrating that the amount in controversy is satisfied, PHH does not concede liability or that Plaintiffs are entitled to any amount or recovery.  See, e.g., Lewis v. Verizon Communications, Inc., 627 F. 3d 395, 400 (9th Cir. 2010) (holding that in establishing "jurisdictional amount, [the moving party] need not concede liability for the entire amount, which is what the district court was in essence demanding by effectively asking [the moving party] to admit that at least $5 million of the billings were 'unauthorized' within the meaning of the complaint.").

6.     Here, the amount in controversy is satisfied as the Complaint concerns the sale of the Property, which Plaintiffs purchased by obtaining a loan in the original principal amount of $504,000.00, and because Plaintiffs seek damages in the form of lost profits from the sale of the Property, which based on the allegations of the Complaint allegedly exceed $75,000.00.  Compl., ¶¶ 14, 59, 61, 72, 106.  Plaintiffs allege that from 2006 to 2016 the value of the Property fluctuated; however, Plaintiffs do not allege that the value of the Property ever dropped below $75,000.00.  See generally Compl.  Specifically, Plaintiffs allege

that they listed the Property for sale through Coldwell Banker for $449,900.000 on or about May 14, 2016 (Compl., ¶ 59), and that on May 29, 2016 PHH's appraiser valued the Property at $557,000.00. Compl., ¶ 61.  Plaintiffs further allege that a short sale closed on February 28, 2017, for the purchase price of $450,000.00, and that the buyer then re-sold the Property in June 2017 for $625,000 Compl., ¶¶ 74, 76.  Plaintiffs also allege that the current estimated value of the Property is $661,000.00.  Compl., ¶ 77.  According to Plaintiffs, where they able to secure a loan modification they would have been able either (i) to divest themselves of the Property in 2016 (presumably when the Property, at least according to the Complaint, had an appraised value of $557,000.00), or (ii) remain in the Property, make needed repairs by 2017, and "sell it [at] an ultimate resale value that would have enabled Plaintiffs to earn a profit" from the Property.  Compl. ¶ 78. Plaintiffs' specifically seek as damages "lost profits associated with the ultimate sale of the home."  Compl. ¶ 106; see also id. ¶¶ 120, 126, 133.

7.     Again, in foreclosure-related cases, the amount in controversy may be established by the value of the property or loan.  Based on the allegations of the Complaint, that is satisfied.  Moreover, the amount in controversy is satisfied to the extent Plaintiffs seek lost profits from the sale of the Property.  Plaintiffs allege that "but for" the alleged conduct at issue they could have sold the Property in 2016 for $557,000, in 2017 for $625,000, or in 2018 for $661,000.  Based on the $450,000 February 2017 sale price, if the Property were sold at any of the alleged alternate values, the difference exceeds $75,000.  Accordingly, the amount in controversy is satisfied.

8.     Proper Jurisdiction.  This Court is the proper district court for removal because the Superior Court of the State of California for the County of Orange is located within the United States District Court for the Southern District of California.  See 28 U.S.C. § 1446(a).

9.   <u>Pleadings and Process</u>.  Attached hereto as Exhibit A are copies of all process, pleadings and orders served upon PHH in the state court action.  <u>See</u> 28 U.S.C. § 1446(a).

10.   <u>Notice Has Been Effected</u>.  PHH is concurrently filing a copy of this Notice of Removal, attached hereto as Exhibit B, with the Superior Court of the State of California for the County of Orange, which will be promptly served upon Plaintiff's counsel.  <u>See</u> 28 U.S.C. §§ 1446(a), (d).

11.   By filing this Notice of Removal, PHH does not waive any defenses to Plaintiff's allegations or objections to personal jurisdiction, including but not limited to sufficiency of process, service of process, and jurisdiction.

Dated: September 26, 2018                Respectfully submitted,

By:   /s/ Tanya M. Taylor
      Tanya M. Taylor
      *Attorneys for Defendant*
      *PHH Mortgage Services*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of September, 2018, a copy of the foregoing **NOTICE OF REMOVAL** was filed electronically. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

| | |
|---|---|
| Malte L.L. Farnaes<br>Christina M. Lucio<br>Mitchell K. Murray<br>FARNAES & LUCIO, APC<br>2235 Encinitas Boulevard, Suite 210<br>Encinitas, California 92024 | Attorneys for Plaintiffs<br><br>JENNIFER BAGOSY and ALEX<br>BAGOSY |

*/s/ Shari L. Green*_____
Shari L. Green

DMWEST #18088306 v2

CERTIFICATE OF SERVICE